1    Xavier Becerra, State Bar No. 118517
     Attorney General of California
2    Darrell W. Spence, State Bar No. 248011
     Supervising Deputy Attorney General
3    Lisa A. Tillman, State Bar No. 126424
     Deputy Attorney General
4     1300 I Street, Suite 125
     P.O. Box 944255
5     Sacramento, CA 94244-2550
     Telephone:  (916) 210-7910
6     Fax:  (916) 324-5567
     E-mail:  Lisa.Tillman@doj.ca.gov
7    *Attorneys for Defendant*
     *David Duncan, in his official capacity as Director of*
8    *the Emergency Medical  Services Authority*

9               IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARIO GURROLA and FERNANDO HERRERA,**<br><br>              Plaintiffs,<br><br>    v.<br><br>**DAVID DUNCAN, in his official capacity as director of the California Emergency Medical Services Authority, and JEFFREY KEPPLE, in his official capacity as Medical Director of Northern California EMS, Inc., ,**<br><br>            Defendants. | 2:20-cv-01238<br><br>**DEFENDANT DUNCAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:    December 8, 2020<br>Time:   1:30 p.m.<br>Dept:   6, 14th Floor<br>Judge: The Honorable John A. Mendez<br>Trial Date: None set<br>Action Filed:  June 19, 2020 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

STATEMENT OF LAW ........................................................................................................ 1

    A.    The Denial of EMT Certification ............................................................ 2

    B.    The Administrative Appeal Process ........................................................ 3

    C.    State Court Mandamus Review of the Administrative Decision. .............. 3

    D.    Assembly Bill (A.B.) 2147 ..................................................................... 4

STATEMENT OF THE CASE ............................................................................................... 4

    I.    Factual and Procedural Background of Gurrola's Claims. ..................... 4

    II.    Factual and Procedural Background of Herrera's Claims....................... 5

    III.    The Subject Action................................................................................. 5

LEGAL STANDARD ........................................................................................................... 6

    I.    Motion to Dismiss Under Rule 12(b)(1) ................................................ 6

    II.    Motion to Dismiss Under Rule 12(b)(6) ................................................ 6

    III.    Facial Challenge.................................................................................... 6

    IV.    Dismissal Without Leave to Amend ...................................................... 7

LEGAL ARGUMENT ......................................................................................................... 7

    I.    Plaintiffs Lack Standing to Bring This Suit. .......................................... 7

        A.    Plaintiffs Cannot Show an Injury-in-Fact From the Regulation. ............... 7

        B.    A Denial of Plaintiffs' Applications May Not be Redressed by This Action............................................................................................ 8

    II.    Herrera's Vague Allegations Warrant Dismissal................................... 9

    III.    Plaintiffs Cannot State a Due Process Violation.................................... 9

        A. The Claim for Violation of Substantive Due Process is Not Viable................ 10

        B. The Claim for Violation of Procedural Due Process Cannot Proceed. ............ 12

    IV.    The Claim for Denial of Equal Protection Cannot Proceed................... 13

        A.    The Disqualification Based Upon Two Felony Convictions ................... 13

        B.    The Disqualification Based on Incarceration Within Ten-Year Period. ............................................................................................ 14

    V.    The Privileges or Immunities Claim is Not Viable............................... 15

Conclusion ......................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)..............................................................................................6

*Bd. of Regents of State Colleges v. Roth*
408 U.S. 564 (1972)............................................................................................12

*Bd. Trustees of Glazing Health and Welfare Trust v. Chambers*
941 F.3d 1195......................................................................................................9

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)..............................................................................................6

*Bhalerao v. Illinois Dept. Financial and Professional Regulations*
834 F.Supp.2d 775 (N.D. Ill. 2011) ..................................................................11

*Cervantes v. Countrywide Home Loans, Inc.*
656 F.3d 1034 (9th Cir. 2011)..............................................................................7

*City of Los Angeles v. Lyons*
461 U.S. 95 (1974)................................................................................................7

*Clark v. Yosemite Cmty. Coll. Dist.*
785 F.2d 781 (9th Cir. 1986)................................................................................4

*County of Butte v. EMS Authority*
187 Cal. App. 4th 1175 (2010).............................................................................1

*Doe v. Regents of the Univ. of California*
891 F.3d 1147 (2018).....................................................................................9, 13

*Engquist v. Or. Dep't of Agric.*
478 F.3d 985 (9th Cir. 2007)..............................................................................10

*FDIC v. Henderson*
940 F.2d 465 (9th Cir. 1991) (*citations omitted*) ............................................10

*Hawker v. People of New York*
170 U.S. 189 (1898)............................................................................................11

*In re Crawford*
194 F.3d 954 (9th Cir. 1999)..............................................................................10

## TABLE OF AUTHORITIES
### (continued)

Page

*Jackson v. City and County of San Francisco*
   746 F.3d 953 (9th Cir. 2014)..................................................................6

*Jacobson v. Hannifin*
   627 F.2d 177 (9th Cir. 1980)................................................................12

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994)...............................................................................6

*Kraft v. Jacka*
   872 F.2d 862 (9th Cir. 1989)................................................................12

*Lujan v. Defs. of Wildlife*
   504 U.S. 555 (1992)...............................................................................7

*Mathews v. Eldridge*
   424 U.S. 319 (1976)..............................................................................12

*Maya v. Centex Corp.*
   658 F.3d 1060 (9th Cir. 2011)...............................................................6

*Memorial Hospitals Assn. v. Randol*
   38 Cal. App. 4th 1300 (1995)................................................................2

*Portman v. Cty. of Santa Clara*
   995 F.2d 898 (9th Cir. 1993)................................................................12

*Richardson v. Bacerra [sic]*
   No. 1:19-cv-01366-LJO-EPG, 2020 WL 2793079 (D. Cal. May 20, 2020)...........................9

*Robinson v. Marshall*
   66 F.3d 249 (9th Cir. 1995)..................................................................13

*Schware v. Bd. of Bar Examiners*
   353 U.S. 232 (1957)..............................................................................10

*Sierra Club v. Morton*
   405 U.S. 727 (1972)...............................................................................7

*Skinner v. Oklahoma ex rel. Williamson*
   316 U.S. 535 (1942)..............................................................................14

*Slaughter-House Cases*, 83 U.S. (16 Wall.) 36 (1873)................................................15

*Squaw Valley Development. Co. v. Goldberg*
   375 F.3d 936 (9th Cir. 2004)..................................................................9

iii

## TABLE OF AUTHORITIES
### (continued)

Page

*Thomas v. Anchorage Equal Rights Comm'n*
  220 F.3d 1134 (9th Cir. 2000) (en banc)....................................................................8

*Town of Castle Rock v. Gonzales*
  545 U.S. 756.................................................................................................................12

*United States v. Guillen-Cervantes*
  748 F.3d 870 (9th Cir. 2014)......................................................................................12

*United States v. Salerno*
  481 U.S. 739 (1987).....................................................................................................11

*United States v. Utah Construction & Mining Co.*
  384 U.S. 394 (1966).....................................................................................................13

*Ventimiglia v. Bd. of Behavioral Sciences*
  168 Cal. App. 4th 296 (2008)........................................................................................3

*Village of Willowbrook v. Olech*
  528 U.S. 562 (2000).....................................................................................................13

*Warmouth v. Del. State Bd. of Examiners in Optometry*
  514 A.2d 1119 (Del. Super. 1985) ..............................................................................11

*Warren v. Fox Family Worldwide, Inc.*
  328 F.3d 1136 (9th Cir. 2003).......................................................................................6

*Warth v. Seldin*
  422 U.S. 490 (1975).......................................................................................................7

*Washington State Grange v. Washington State Republican Party*
  552 U.S. 442 (2008).......................................................................................................6

*Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*
  24 F.3d 56 (9th Cir. 1994)...........................................................................................10

*Weiss v. N.M. Bd. of Dentistry*
  110 N.M. 574 (1990)....................................................................................................11

*Zamani v. Carnes*
  491 F.3d 990 (9th Cir. 2007).........................................................................................6

STATUTES

42 United States Code
  § 1983............................................................................................................................1

## TABLE OF AUTHORITIES
### (continued)

Page

California Code of Civil Procedure
§ 1094.5 ................................................................................................................3, 9

California Government Code
§ 11500 .....................................................................................................................3
§ 11517, subd. (c) ....................................................................................................3
§ 11521, subd. (a) ....................................................................................................3
§ 11523 .............................................................................................................3, 4, 13
§ 11550 ...................................................................................................................13
§ 12803, subd. (b) ....................................................................................................2

California Health and Safety Code
§ 1498.200(c) .........................................................................................................12
§ 1791.1 ...............................................................................................................1, 2
§ 1797.4 .....................................................................................................................2
§ 1797.5 .....................................................................................................................2
§ 1797.6 subd. (a) ....................................................................................................1
§ 1797.54 ...................................................................................................................2
§ 1797.80 ...................................................................................................................2
§ 1797.100 .................................................................................................................2
§ 1797.107 .................................................................................................................2
§ 1797.109 .................................................................................................................2
§ 1797.170 .................................................................................................................2
§ 1797.208 .................................................................................................................2
§ 1798.200(c) .......................................................................................................7, 8
§ 1798.200(c)(6) .......................................................................................................2
§ 11517, subd. (c)(2) ...............................................................................................3

California Penal Code
§ 16 .........................................................................................................................14
§ 17(a) ....................................................................................................................14
§ 666 .......................................................................................................................14
§ 667(b) ..................................................................................................................14
§ 1170(h) ................................................................................................................14
§ 1203.4 .....................................................................................................................3
§ 2900.5 ..................................................................................................................13

COURT RULES

Federal Rule of Civil Procedure
Rule 8(a) ...................................................................................................................6
Rule 12(b)(1) ............................................................................................................6
Rule 12(b)(6) ............................................................................................................6

# TABLE OF AUTHORITIES
### (continued)

**Page**

**OTHER AUTHORITIES**

California Code of Regulations Title 22
  § 100208.................................................................................................................3
  § 100208, subd. (a)............................................................................................2, 12
  § 100214.3..............................................................................................................9
  § 100214.3(c)(3)............................................................................................1, 2, 15
  § 100214.3(c)(6)................................................................................................1, 15
  § 100214.3, subd. (g) ...........................................................................................3

California Three Strikes Sentencing (Rutter, November 2019 Update) § 1:2.).............................14

Defendant Duncan's Memorandum of Points and Authorities ISO Motion to Dismiss FAC (2:20-cv-01238)

**INTRODUCTION**

David Duncan, Director of the Emergency Medical Services Authority (EMSA), brings this motion to dismiss plaintiffs Dario Gurrola and Fernando Herrera's Section 1983 challenge to an EMSA regulation concerning certification as an emergency medical technician (EMT).  Neither plaintiff can establish standing nor a viable constitutional claim under the Equal Protection, Due Process, and Privileges or Immunities Clauses.

Gurrola alleges his application for EMT certification was denied on the basis of the EMSA regulation barring persons with two felony convictions from such certification.  Cal. Code Regs., tit. 22, § 100214.3(c)(3).  Because Gurrola's application was also denied upon, the substantial relationship between his convictions and an EMT's duties, Gurrola cannot show the necessary injury for standing.  In addition, Gurrola cannot show that this action will redress any denial of his alleged future application for certification.

Plaintiff Herrera did not apply for EMT certification.  He contends an application would be futile in light of the regulatory bans on certifying persons with two or more felonies and on certifying persons who have been incarcerated on the basis of a felony offense in the prior ten years.  Cal. Code Regs., tit. 22, § 100214.3(c)(3), (6).  However, futility does not excuse the constitutional requirement of standing.  Further, any EMT application submitted by Herrera may, like Gurrola's, be denied on the statutory basis of the substantial relationship between his convictions and an EMT's duties.  Plus, Herrera does not plainly allege that a recent statutory enactment, A.B. 2147, which permits a superior court to relieve certain applicants from such regulatory bans, does not apply to him.

Therefore, this Court should grant Director Duncan's motion to dismiss for failure to establish standing and failure to state a cognizable claim, without leave to amend.

**STATEMENT OF LAW**

The California Emergency Medical Services System and the Prehospital Emergency Medical Care Personnel Act (EMS Act) was enacted to "provide the state with a statewide system for emergency medical services" and to "ensure the provision of effective and efficient emergency medical care."  Cal. Health & Safety Code §§ 1791.1, 1797.6, subd. (a); *County of*

1

1    *Butte v. EMS Authority,* 187 Cal. App. 4th 1175, 1181 (2010).  The EMS Act established a two-

2    tiered system: the state EMSA, which is responsible for the coordination of all state activities

3    concerning emergency medical services, and local EMS agencies (LEMSAs).  Cal. Health &

4    Safety Code §§ 1791.1, 1797.4, 1797.100; Cal. Gov't Code § 12803, subd. (b).

5         EMSA was established "to promote the development, accessibility, and provision of

6    emergency medical services to the people of the State of California."  Cal. Health & Safety

7    Code § 1797.5; see also *Memorial Hospitals Assn. v. Randol,* 38 Cal. App. 4th 1300, 1307

8    (1995).  EMSA establishes minimum standards and promulgates regulations for the training and

9    scope of practice for emergency medical technicians (EMT-I & EMT-II).  *Id.*, §§ 1797.54,

10   1797.107, 1797.109, 1797.170, 1797.208.  An Emergency Medical Technician I-A is an

11   individual trained in all facets of basic life support according to standards prescribed by statute

12   and who has a valid certificate issued pursuant to statute and regulations.  *Id.*, § 1797.80.

13        **A.    The Denial of EMT Certification**

14        The local EMS medical director "shall deny or revoke an EMT or Advanced EMT

15   certificate" if the applicant has been "convicted of two (2) or more felonies."   Ex. 4, Cal. Code

16   Regs. tit. 22, § 100214.3, subd. (c)(3).

17        In addition, an application for certification may be denied upon "evidence of a threat to the

18   public health and safety," such as "[c]onviction of any crime which is substantially related to the

19   qualifications, functions, and duties of prehospital personnel.  Cal. Health & Safety

20   Code § 1798.200(c)(6).  A substantial relationship between an applicant's criminal act(s) and the

21   position's qualifications, functions, or duties exists "if to a substantial degree it evidences

22   unfitness . . . to perform the functions authorized by the certificate in that it poses a threat to

23   public health and safety.  Cal. Code Regs. tit. 22, § 100208, subd. (a).

24        In determining whether to deny an application based upon the substantial relationship

25   provision of Health and Safety Code section 1798.200(c)(6), evidence of the applicant's

26   rehabilitation may be considered under the following factors: (1) nature and severity of the acts or

27   crimes; (2) actual or potential harm to the public; (3) actual or potential harm to any patient; (4)

28   prior disciplinary record; (5) prior warnings on record or prior remediation; (6) number/variety of

2

current violations; (7) aggravating evidence; (8) mitigating evidence; (9) rehabilitation evidence; (10) in the case of a criminal conviction, compliance with terms of the sentence or court-ordered probation; (11) overall criminal record; (12) time that has elapsed since the act(s) or offense(s) occurred; (13) evidence of expungement proceedings pursuant to Penal Code section 1203.4. Cal. Code Regs. tit. 22, § 100208.

### B.   The Administrative Appeal Process

An applicant has the "right to appeal a denial of an EMT or Advanced EMT certificate." Cal. Code Regs. tit. 22, § 100214.3, subd. (g).  The appeal is heard in accordance with the processes of the California Administrative Procedures Act (California APA).  Cal. Gov't Code § 11500 et seq.

Under the California APA, the administrative law judge (ALJ) hears the contested case and then delivers their proposed decision to the relevant agency.  Cal. Gov't Code § 11517, subd. (c). The agency may: "(A) adopt the proposed decision in its entirety; (B) reduce or otherwise mitigate the proposed penalty and adopt the balance of the proposed decision; (C) make technical or other minor changes in the proposed decision and adopt it as the decision; (D) reject the proposed decision and refer the case to the same ALJ if reasonably available; or (E) '[r]eject the proposed decision, and decide the case upon the record, including the transcript, or upon an agreed statement of the parties, with or without taking additional evidence.' (§ 11517, subd. (c)(2).)"  *Ventimiglia v. Bd. of Behavioral Sciences*, 168 Cal. App. 4th 296, 303-304 (2008).

A party may seek reconsideration of the administrative decision within 30 days "after the delivery or mailing of a decision to a respondent, or on the date set by the agency itself as the effective date of the decision if that date occurs prior to the expiration of the 30-day period . . . ." Cal. Gov't Code § 11521, subd. (a).

### C.   State Court Mandamus Review of the Administrative Decision.

An unsuccessful party may seek judicial review of the administrative decision by filing a petition for a writ of mandate, pursuant to California Code of Civil Procedure section 1094.5, subject to any statutes relating to the particular agency.  Cal. Gov't Code § 11523.  The petition may include a claim asserting the challenged decision violates the petitioner's federal

3

1    constitutional rights.  *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 787 n. 5 (9th Cir. 1986).

2    The petition shall be filed "within 30 days after the last day on which reconsideration can be

3    ordered," unless otherwise indicated by this statute.  Cal. Gov. Code § 11523.  "If the petitioner,

4    within 10 days after the last day on which reconsideration can be ordered, requests the agency to

5    prepare all or any part of the record, the time within which a petition may be filed shall be

6    extended until 30 days after its delivery" to them.  *Id.*

7        **D.     Assembly Bill (A.B.) 2147**

8        Under A.B. 2147, effective January 1, 2021, a former defendant who participated in the

9    California Conservation Corp as an incarcerated, individual hand crew member or as a member of

10   a county-incarcerated individual hand crew, and has been released from custody, except those

11   defendants convicted of certain listed crimes, may petition a superior court judge to dismiss their

12   prior charges and thus release them "penalties and disabilities" regarding such convictions.  See

13   Ex. 5 [A.B. 2147] & CD 22, FAC, ¶¶ 86-88.

14                      **STATEMENT OF THE CASE**

15   **I.    FACTUAL AND PROCEDURAL BACKGROUND OF GURROLA'S CLAIMS.**

16       Gurrola has been convicted of two or more felonies: carrying a concealed weapon in 2003,

17   assaulting a security guard about two years later, and two unspecified felonies that were

18   subsequently reduced to misdemeanors (the last in 2011).  Court Docket [CD] 22, First Am.

19   Compl. [FAC], ¶¶ 15-17.  After a juvenile proceeding, Gurrola served in a fire camp when he was

20   19 years old.  *Id.*, ¶ 83.

21       On August 8, 2019, Gurrola filed an application for an EMT certification with Nor-Cal

22   EMS, a local EMS agency.  CD 22, FAC, ¶ 32; Ex. 1, ALJ Decision, p. 1, ¶ 1; Req. J. Not.  In a

23   letter dated October 10, 2019, Nor-Cal EMS denied the application due to Gurrola's criminal

24   history, which included multiple felony convictions.  Ex. 1, ALJ Decision, p. 1, ¶ 1.

25       Gurrola's administrative appeal of the denial was heard on November 12, 2019, in a hearing

26   conducted pursuant to the California APA.  Ex. 1, ALJ Decision, p. 2, ¶ 1; CD 22, FAC, ¶ 36.  On

27   December 5, 2019, the ALJ issued a proposed decision upholding the denial of the application on

28   the basis of regulation 100214.3 and the substantial relationship between Gurrola's convictions

                                  4

1  and the duties of an EMT.  Ex. 1, ALJ Decision, pp. 4-7, 10.  In a letter dated December 11, 2019,

2  Nor-Cal EMS Medical Director Kepple informed Gurrola that the proposed decision was adopted

3  by Nor-Cal EMS, and effective December 11, 2019.  Ex. 2, Nor-Cal EMS Letter, dated Dec. 11,

4  2019; Req. J. Not.

5         Gurrola did not file a petition for writ of mandamus in Sacramento or Shasta County

6  Superior Courts for judicial review of the administrative decision.  (Ex. 3, Printout Ct. Docket

7  Search; Req. J. Not.)  In this first amended complaint, Gurrola alleges that he "is not challenging

8  his initial certification denial," but only "seeking relief prospectively for his next application."

9  CD 22, FAC, ¶ 127.  Gurrola is allegedly ineligible for relief under A.B. 2147 because he did not

10  serve in a fire camp while incarcerated for his operative convictions.  *Id.*, ¶ 87.

11  **II.    FACTUAL AND PROCEDURAL BACKGROUND OF HERRERA'S CLAIMS.**

12         In 2015, Herrera plead guilty or no contest to two felony convictions for crimes committed

13  when he was 14 and 15 years old.  CD 22, FAC, ¶¶ 51-52.  He was sentenced to prison, released

14  in 2018, and completed parole in 2019.  *Id.*, ¶¶ 53, 58.  While incarcerated, Herrera served in a

15  fire camp.  *Id.*, ¶ 84.

16         Herrera is currently employed as a supervisor with the California Conservation Corps.  CD

17  22, FAC, ¶ 59.  While Herrera "took and passed an EMT training class in 2020," he has "not

18  taken further steps toward certification, however, because he knows his record currently makes it

19  pointless."  *Id.*, ¶¶ 62, 63.  It has been less than 10 years since Herrera was released from

20  incarceration for a felony conviction.  *Id.*, ¶ 65.  Herrera does not allege any eligibility or

21  ineligibility for relief under A.B. 2147.  *Id.*, ¶ 88.  The amended complaint alleges that A.B. 2147

22  does not "conclusively redress the harm" to Herrera and Gurrola because any petitions for relief

23  under A.B. 2147 may be subject to a judge's discretionary denial.  *Id.*  Further, such petitions

24  must be filed in the county of the conviction offenses, often a distance from a petitioner's home.

25  *Id.*

26  **III.   THE SUBJECT ACTION.**

27         On September 15, 2020, Gurrola and Herrera filed this first amended complaint, asserting

28  subdivisions (c)(3) and (c)(6) of regulation 100214, as applied and facially, violate the Equal

1 Protection, Due Process, and Privileges or Immunities Clauses of the Fourteenth Amendment of

2 the federal constitution.  CD 22, FAC, pp. 17, 23, 25.  They seek a judgment declaring

3 subdivisions (c)(3) and (c)(6) of regulation 100214.3 are unconstitutional and an injunction to

4 prevent the enforcement of these subdivisions of the regulation.  *Id.*, p. 26.

5 **LEGAL STANDARD**

6 **I.    MOTION TO DISMISS UNDER RULE 12(B)(1)**

7 The party asserting federal subject matter jurisdiction bears the burden of establishing its

8 existence.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  A

9 jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or

10 based upon extrinsic evidence.  *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th

11 Cir. 2003) (constitutional standing).  Lack of Article III standing requires dismissal for lack of

12 subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Id.*; see also *Maya v.*

13 *Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

14 **II.    MOTION TO DISMISS UNDER RULE 12(B)(6)**

15 Under Rule 8(a), a complaint must contain "a short and plain statement of the claim

16 showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what

17 the . . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

18 570 (2007).  A plaintiff is required to allege "enough facts to state a claim to relief that is

19 plausible on its face."  *Id*. at 570; see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A complaint

20 may be dismissed under rule 12(b)(6) "where there is no cognizable legal theory or an absence of

21 sufficient facts alleged to support a cognizable legal theory."  *Zamani v. Carnes,* 491 F.3d 990,

22 996 (9th Cir. 2007).

23 **III.    FACIAL CHALLENGE**

24 To succeed in a facial challenge to a statute, a plaintiff must establish that the subject "law

25 is unconstitutional in all of its applications."  *Washington State Grange v. Washington State*

26 *Republican Party*, 552 U.S. 442, 449 (2008).  Because facial constitutional challenges "often rest

27 on speculation," they are disfavored.  *See, e.g*., *Jackson v. City and County of San Francisco*, 746

28 F.3d 953, 962 (9th Cir. 2014) (citation omitted).

**IV.   DISMISSAL WITHOUT LEAVE TO AMEND**

The court may dismiss a complaint, without leave to amend, when deficiencies in the complaint cannot possibly be cured by amendment.  *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

**LEGAL ARGUMENT**

**I.   PLAINTIFFS LACK STANDING TO BRING THIS SUIT.**

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Standing is therefore a "threshold question" in "determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  To establish standing, a plaintiff must show that: (1) he suffered an injury in fact, i.e., an injury that is sufficiently concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be "redressed by a favorable decision." *Id.* at 560-561.  The "concrete and actual or imminent harm" standard is coupled with a required showing of "likelihood that Plaintiff will again be wronged in a similar way." *Id.* at 560; *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1974).  The injury in fact test "requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972).

**A.   Plaintiffs Cannot Show an Injury-in-Fact From the Regulation.**

Neither Plaintiff can establish the requisite injury-in-fact from the regulation.  Gurrola fails to show an injury-in-fact because the denial of his application was based upon two independent grounds: (1) the statutory provision requiring denial based upon the substantial relationship between an applicant's criminal history and an EMT's qualifications and duties of an EMT (Cal. Health & Safety Code § 1798.200(c)), and (2) regulation 100214.3 (c)(3)'s requirement that denial issue where the applicant has two or more felonies. Ex. 1, ALJ Decision, p. 10.  Even if regulation 100214.3 was not applied, the ALJ's decision to deny Gurrola's application would still stand on the basis of the substantial relationship between his criminal convictions and the duties of an EMT. *Id.*  Hence, Gurrola cannot establish the necessary injury-in-fact from regulation 100214.3 to bring this suit.

7

1   Herrera's failure to apply for EMT certification or relief under A.B. 2147 undermines any

2   alleged injury-in-fact from the subject regulation.  CD 22, FAC, ¶¶ 63, 137.  Absent a denial

3   based upon regulation 100214.3, Herrera cannot claim any injury.  Indeed, his application may

4   simply be denied on the basis of the substantial relationship provision.  Further, Herrera does not

5   plainly allege that he is ineligible from pursuing relief under A.B. 2147, suggesting such relief

6   may be available to him. Because Herrera does not show a concrete injury from the regulation,

7   his claims should be dismissed for lack of standing.

8   **B.    A Denial of Plaintiffs' Applications May Not be Redressed by This Action.**

9   Gurrola and Herrera cannot establish standing because their alleged injury, any future

10  denial of their applications, is not likely to be redressed by a favorable judicial decision in this

11  action.   The complaint acknowledges that a local EMS has the "authority to deny certificates for

12  behavior indicating that an applicant may harm someone."  CD 22, FAC, ¶ 115.  Health and

13  Safety Code section 1798.200(c) provides such authority where a substantial relationship exists

14  between the applicant's crimes and the duties of an EMT.  *Id.*, ¶ 116.  An ALJ has already upheld

15  the determination that Gurrola's convictions for crimes involving harm to others, such as assault

16  on a security guard and a concealed dagger, were substantially related to the qualifications,

17  functions, and duties of an EMT.  Ex. 1, ALJ Decision, pp. 6-17, 10.  Because any future

18  applications by Gurrola and Herrera will likely be denied on this same statutory basis, any

19  judicial decision declaring regulation 100214.3 unconstitutional and/or enjoining its

20  implementation will not redress their alleged future injury of a denied application.  Therefore, this

21  Court should find that Plaintiffs' cannot establish standing to bring this action, and on that basis,

22  should dismiss this action.

23  Moreover, any alleged future injury is neither immediate nor real for purposes of standing.

24  Federal courts cannot issue advisory opinions in hypothetical cases.  *Thomas v. Anchorage Equal*

25  *Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).  Gurrola and Herrera appear to

26  seek standing based upon two hypothetical scenarios.  First, the hypothetical (and unlikely)

27  scenario of the local EMS denying their future applications on a basis other than the substantial

28  relationship provision of Health and Safety Code section 1798.200(c).  Second, even if the local

1   EMS's denial was not based on the substantial relationship provision, Gurrola and Herrera would

2   still have to unsuccessfully challenge the basis of the administrative decision in a state court

3   mandamus proceeding before bringing this federal court action. *Doe v. Regents of the Univ. of*

4   *California*, 891 F.3d 1147, 1155 (2018); *see also Richardson v. Bacerra [sic]*, No. 1:19-cv-

5   01366-LJO-EPG, 2020 WL 2793079 (D. Cal. May 20, 2020); Cal. Code Civ. Proc. § 1094.5.

6   Plus, because some fire departments do not require EMT certification for career firefighter status,

7   Plaintiffs might not be injured by any denial of the EMT certification applications in the future.

8   CD 22, FAC, ¶ 42.  For these reasons, this Court should grant Defendant Duncan's motion to

9   dismiss Plaintiffs' claims on the ground of lack of standing.

10  **II.     HERRERA'S VAGUE ALLEGATIONS WARRANT DISMISSAL.**

11          "A repeal, amendment or expiration of legislation will render an action challenging the

12  legislation moot." *Bd. Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d

13  1195, 1199.  Here, the enactment of A.B. 2147 in effect amends the regulatory framework for

14  EMT certification by permitting an applicant to seek relief from the "penalties and disabilities" of

15  certain criminal convictions which disqualify them from certification under section 100214.3.

16  Ex. 5 [A.B. 2147].  To the extent Herrera challenges a provision of the regulatory framework for

17  EMT certification, his complaint should show that A.B. 2147 has not rendered his claims moot.

18  Yet, Herrera does not show he is disqualified from pursuing relief under A.B. 2147; hence, this

19  amended complaint does not establish Herrera's claims are viable in the wake of the enactment of

20  A.B. 2147.  Because A.B. 2147 represents a statutory change that may moot Herrera's action,

21  Herrera's claims should be dismissed for failure to provide a plain statement showing that he is

22  disqualified from seeking relief under A.B. 2147.  Therefore, this Court should grant Defendant

23  Duncan's motion to dismiss Herrera's claims.

24  **III.    PLAINTIFFS CANNOT STATE A DUE PROCESS VIOLATION.**

25          Plaintiffs' second claim for violation of substantive and/or procedural due process should

26  be dismissed.  The Due Process Clause prohibits the government from depriving "a person of life,

27  liberty, or property in such a way that ... interferes with rights implicit in the concept of ordered

28  liberty." *Squaw Valley Development. Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir. 2004) (ellipsis

9

1   in original).  "A threshold requirement to a substantive or procedural due process claim is the

2   plaintiff's showing of a liberty or property interest protected by the Constitution."

3   *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994).

4   Plaintiffs cannot make that showing.

5       **A.      The Claim for Violation of Substantive Due Process is Not Viable.**

6       Plaintiffs cannot state a claim for violation of his substantive due process interest in

7   attaining EMT certification in order to pursue a career in firefighting.  CD 22, FAC., ¶¶ 186-188.

8   "[A] restriction on the conduct of a profession will run afoul of substantive due process rights

9   only if it is irrational."  *In re Crawford*, 194 F.3d 954, 961 (9th Cir. 1999); see *Engquist v. Or.*

10  *Dep't of Agric.*, 478 F.3d 985, 996-97 (9th Cir. 2007).  Hence, in order to establish such a

11  substantive due process claim, Plaintiffs must show, first, that they are unable to pursue an

12  occupation in their chosen profession, and, second, that this inability is due to government actions

13  that are "clearly arbitrary and unreasonable, having no substantial relation to the public health,

14  safety, morals, or general welfare."  *FDIC v. Henderson*, 940 F.2d 465, 474 (9th Cir. 1991)

15  (*citations omitted*); *see Schware v. Bd. of Bar Examiners*, 353 U.S. 232, 239 (1957) (state's

16  occupational qualifications must have a "rational connection" with fitness to practice).

17      Gurrola cannot establish regulation 100214.3(c)(3) completely precludes him and others

18  with two or more felonies from serving as a firefighter.  Gurrola is currently employed as a

19  seasonal firefighter, and has been so employed at various times since 2013.  CD 22, FAC, ¶¶ 8,

20  13, 30, 38.  While he allegedly seeks to become a career firefighter (*id.*, ¶ 32), there is no

21  substantive due process right to a particular public employment position.  *Engquist*, 478 F.3d at

22  996-97.  Further, his allegation that "most of California's 900-plus fire departments require an

23  EMT certification for career positions" indicates that at least some of the fire departments do not

24  require such certification for a career firefighter position.  *Id.*, ¶ 42.  Therefore, Gurrola cannot

25  show a protected interest in EMT certification.

26      Herrera's substantive Due Process claim also fails to state sufficient facts to proceed.

27  Herrera claims his two felony convictions prevent him from "get[ting] certified as an EMT,"

28  but he does not allege such certification is necessary for his employment or career path.  CD 22,

10

1   FAC ¶ 61, see ¶ 52.  Herrera is employed as a supervisor at the California Conservation Corps,

2   where he "helped battle the Camp Fire" and does "other kinds of conservation work."  *Id.*, ¶ 60.

3   He does not allege seeking employment as an EMT at any fire department.  Indeed, he "took and

4   passed an EMT training class in 2020," but "has not taken any further steps toward certification"

5   as an EMT.  CD 22, FAC, ¶¶ 62, 63 & 137.  Because Herrera does not allege any facts showing a

6   protected interest in EMT certification, his substantive due process claim should be dismissed.

7        Assuming arguendo Plaintiffs establish a protected due process interest, the government's

8   desire to protect the public provides a rational basis for ban on certifying persons with two felony

9   convictions, pursuant to regulation 100214.3(c)(3).  The Supreme Court has held that "there is no

10  doubt that preventing danger to the community is a legitimate regulatory goal."  *United States v.*

11  *Salerno*, 481 U.S. 739, 747 (1987).  In accord, the courts have consistently upheld statutes that

12  withhold or revoke occupational licenses for failure to meet or comply with certain conditions

13  imposed by the state for societal protection.  *Bhalerao v. Illinois Dept. Financial and*

14  *Professional Regulations*, 834 F.Supp.2d 775, 784 (N.D. Ill. 2011).  "Furthermore, courts have

15  upheld statutes that require or allow revocation of professional licenses after a licensee has been

16  convicted of a crime."  *Id.*, see, e.g., *Hawker v. People of New York*, 170 U.S. 189 (1898)

17  (upholding statute forbidding felons from practicing medicine); *Weiss v. N.M. Bd. of Dentistry*,

18  110 N.M. 574, 798 P.2d 175, 180 (1990) (revocation of license on basis of criminal conviction);

19  *Warmouth v. Del. State Bd. of Examiners in Optometry*, 514 A.2d 1119 (Del. Super. 1985)

20  (affirming statute permitting revocation of license based on a conviction).

21        EMSA was established in order to ensure a safe and effective emergency response system.

22  The public's interest in regulating EMTs to ensure the safety of patients, who are often in a

23  vulnerable physical or emotional condition, from EMTs who have been convicted two or more

24  times of felonious acts towards others "cannot be seriously questioned."  *Bhalerao*, 834

25  F.Supp.2d at 784.  Given a record of two or more felony convictions demonstrate a risk that the

26  applicant will harm others, regulation 100214.3 is rationally related to the interest in public

27  safety.  Plaintiffs' substantive due process claim, as applied and facially, should be dismissed.

28

**B.     The Claim for Violation of Procedural Due Process Cannot Proceed.**

A plaintiff asserting a procedural due process claim "must, as a threshold matter, identify a . . . property interest protected by the Constitution."  *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014).  However, "[t]he Constitution itself creates no property interests; rather, such interests are created . . . . [by] state law."  *Id.* (*internal quotation marks omitted*), *see also Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) ("The Due Process Clause does not create substantive rights in property; the property rights are defined by reference to state law."); *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . He must, instead, have a legitimate claim of entitlement to it.")  Generally, a first-time applicant has no protected property interest in the grant of a sought license.  *Kraft v. Jacka*, 872 F.2d 862, 871 (9th Cir. 1989) (gaming licenses), *abrogated on other grounds by Dennis v. Higgins*, 498 U.S. 439 (1991); *see Jacobson v. Hannifin*, 627 F.2d 177, 179 (9th Cir. 1980)

Neither Gurrola, a first-time applicant, nor Herrera, who has never applied, can show any existing state law create a protected property interest in EMT certification.  CD 22, FAC, ¶¶ 32, 62.  The EMS Act states specific grounds for denying such applications, including the local EMS's discretionary finding that a substantial relationship exists between the applicant's criminal history and an EMT's duties.  Cal. Health & Safety Code § 1498.200(c), Cal.  Code Regs. tit. 22, §§ 100208(a), see *Town of Castle Rock v. Gonzales*, 545 U.S. 756 ("a benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").  Regulation 100214.3(c) (3) provides that two or more felonies are a basis for denial.  Because state law does not establish any cognizable entitlement to EMT certification, Plaintiffs' procedural due process claim should be dismissed.

Even if a protected property interest exists, Plaintiffs were given the opportunity to be heard at a meaningful time in a meaningful manner.  *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  First, state criminal procedure provided Plaintiffs with the right to trial on each of his criminal offenses and the right to appeal his convictions.  Second, as accomplished by Gurrola, Plaintiffs have the right to an administrative hearing, before an administrative law judge from the

12

1   Office of Administrative Hearings, on the denial of any application for EMT certification.  Cal.

2   Gov't Code § 11550 et seq.; see Exh. 1, ALJ Decision.  Upon receipt of the administrative

3   hearing decision, Plaintiffs have the opportunity to file a state court petition for writ of mandamus

4   challenging the decision and the constitutionality of regulation 100214.3. Cal. Gov't Code §

5   11523.  This state statutory process for provides "an adequate opportunity for de novo judicial

6   review" of an administrative decision.  *Doe v. Regents of the Univ. of California*, 891 F.3d 1147,

7   1154-55 (2018).   Further, federal courts may "accord preclusive effect to state administrative

8   proceedings that meet the fairness requirements" stated in the decision of *United States v. Utah*

9   *Construction & Mining Co.*, 384 U.S. 394 (1966).  *Id.*, 891 F.3d at 1154.  Given the due process

10   afforded Plaintiffs and other applicants under state law, this Court should dismiss Plaintiffs'

11   procedural due process challenge to regulation 100214.3(c)(3).

12   **IV.   THE CLAIM FOR DENIAL OF EQUAL PROTECTION CANNOT PROCEED.**

13        To establish a claim under the Equal Protection Clause of the Fourteenth Amendment,

14   Plaintiffs must show the subject regulations constitute intentional treatment of a member of an

15   identifiable class differently from other similarly situated individuals without a rational basis for

16   the difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); see U.S.

17   Const. amend. XIV, § 1, cl. 4.   The "general rule is that legislation is presumed to be valid and

18   will be sustained if the classification drawn by the statute is rationally related to a legitimate

19   governmental interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

20   Further, "the rational basis standard does not require that the state choose the fairest or best means

21   of advancing its goals."  *Robinson v. Marshall*, 66 F.3d 249 (9th Cir. 1995) (rejecting challenge to

22   Cal. Penal Code § 2900.5).

23        **A.    The Disqualification Based Upon Two Felony Convictions**

24        Plaintiffs' Equal Protection claim against the regulatory ban on certification of applicants

25   with two or more felony convictions cannot proceed.   First, this Court should disregard

26   Plaintiffs' claim that they are similarly situated to all EMT applicants, from those without any

27   felony convictions to those who committed crimes and were not convicted.  CD 22, FAC, ¶¶ 146-

28   159. California's statutory scheme explicitly distinguishes between felonies and misdemeanors,

13

1    with a felony punishable by imprisonment and death.  Cal. Penal Code §§ 16, 17(a), 1170(h).

2    California's Three Strikes law "ensures longer prison sentences and greater punishment for those

3    who commit a felony and have been previously convicted of serious and/or violent felony

4    offenses."  *Id*. § 667(b); see Ex. 6, Cal. Three Strikes Sentencing (Rutter, Nov. 2019 Update)

5    § 1:2.  Given state law expressly differentiates between persons with two or more felony

6    convictions from those with one or no felony conviction, Plaintiffs cannot show they are similarly

7    situated to applicants without two or more felony convictions.

8        Second, as discussed above, California's Penal Code shows regulation 100214.3 (c)(3) has

9    a rational basis.  Those applicants with a judicial record of two or more felony convictions have a

10   proven unwillingness to conform to the social norm to "do no harm" to others.  The California

11   Legislature has determined to provide enhanced sentences to those who engage in more than one

12   petty theft by permitting enhancement of such conduct to a felony offense and to subject those

13   who commit more than one felony offense to the Three Strikes Law.  Cal. Penal Code, § 666;

14   Ex. 6, Cal. Three Strikes Sentencing, *supra*, § 1:2.  "[A] State is not constrained ... to ignore

15   experience which marks a class of offenders or a family of offenses for special treatment."

16   *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 540 (1942).  Because regulation

17   100214.3(c)(3) manifests the State's rational interest in ensuring public safety, this Court should

18   dismiss Plaintiffs' Equal Protection claim challenging regulation 100214.3(c)(3).

19       **B.    The Disqualification Based on Incarceration Within Ten-Year Period.**

20       Herrera fails to properly allege an Equal Protection challenge to the regulatory ban on

21   certifying persons who have been incarcerated on the basis of a felony offense in the prior ten

22   years.  Cal. Code Regs., tit. 22, § 100214.3(c)(6).   First, Herrera cannot establish that he is

23   similarly-situated to persons who have not been incarcerated on the basis of a felony offense in

24   the prior ten years.  Someone who has been convicted for a criminal offense sufficiently

25   significant as to warrant their separation from general society for a period of time has a proven

26   history of posing a significant risk of harm to others.  A person without such a felony conviction

27   and incarceration period does not have any record of posing such a risk to others, and so no need

28   to prove themselves capable of living and working peacefully with others.  Because a conviction

14

1   for a felony offense resulting in incarceration distinguishes Herrera and others with such records

2   from the general pool of EMT applicants, Herrera cannot state a viable Equal Protection claim.

3       Second, Herrera overlooks the rational basis for regulation 100214.3 (c)(6): the risk of harm

4   to others in the fire house and to the general public.  The employing fire department is liable for

5   the conduct of its employees toward other firefighters and towards members of the public.  An

6   applicant who has a prior felony conviction with resulting incarceration has a record of

7   significantly harming at least one other person.  Given that record, the employing fire department

8   must, for the safety of its staff and public, ensure all its firefighters will conduct themselves

9   without harm to others in the close quarters of the firehouse and firefighting activity and the

10  public.   The ten-year period under the regulation provides the applicant with sufficient time to

11  establish a record of positive conduct toward others, a record the LEMSA can rely upon in

12  employing the former felon.  Hence, this Court should dismiss Herrera's Equal Protection claim.

13  **V.     THE PRIVILEGES OR IMMUNITIES CLAIM IS NOT VIABLE.**

14      Plaintiffs concede their claim under the privileges or immunities clause "is foreclosed by

15  the *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36 (1873)."  CD 22, FAC., ¶ 214.  In light of this

16  concession, this Court should dismiss the privileges or immunities claim.

17                          **CONCLUSION**

18      For all the reasons stated, this Court should grant Defendant Duncan's motion to dismiss

19  the first amended complaint without leave to amend.

20  Dated:  October 28, 2020                     Respectfully Submitted,

21                                               XAVIER BECERRA
                                                 Attorney General of California
22                                               DARRELL W. SPENCE
                                                 Supervising Deputy Attorney General
23

24                                                  /S/ LISA A. TILLMAN
                                                 LISA A. TILLMAN
25                                               Deputy Attorney General
                                                 *Attorneys for Defendant*
26                                               *David Duncan, in his official capacity as*
                                                 *Director of the Emergency Medical*
27                                               *Services Authority*

28  SA2020302140/Motion to Dismiss MPA's.docx

                                      15