RIVERA HEWITT PAUL LLP
JONATHAN B. PAUL, SBN 215884
WENDY MOTOOKA, SBN 233589
11341 Gold Express Drive, Suite 160
Gold River, California 95670
Telephone: 916-922-1200 Fax: 916 922-1303
Email:  JPaul@rhplawyers.com
          wmotooka@rhplawyers.com


OFFICE OF THE PLACER COUNTY COUNSEL
Karin Schwab, County Counsel (157779)
Margaret V. Tides, Deputy (311177)
175 Fulweiler Avenue
Auburn, California 95603
Telephone:   (530) 889-4044
Facsimile:   (530) 889-4069
Email: mtides@placer.ca.gov


Attorneys for Defendant TROY FALCK in his official capacity as Medical Director of Sierra-Sacramento Valley Emergency Medical Services Agency

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARIO GURROLA and FERNANDO HERRERA,<br><br>               Plaintiffs,<br><br>     vs.<br><br>DAVID DUNCAN, in his official capacity as director of the California Emergency Medical Services Authority; JEFFREY KEPPLE, in his official capacity as medical director of Northern California EMS, Inc.; and TROY FALCK, in his official capacity as medical director of Sierra-Sacramento Valley Emergency Medical Services Agency,<br><br>               Defendants. | Case No.: 2:20-cv-01238-JAM-DMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FALCK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:  December 8, 2020<br>Time:  1:30 p.m.<br>Courtroom:  6, 14th Floor<br>Judge:  Hon. John A. Mendez |

## I. INTRODUCTION

The Court should dismiss the claims of plaintiffs DARIO GURROLA ("Gurrola") and FERNANDO HERRERA ("Herrera"), collectively "Plaintiffs," against defendant Troy Falck ("Dr. Falck") pursuant to Rule 12(b)(1) for lack of standing and because the claims are unripe. As it pertains to Dr. Falck, this case involves only "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Even if the Court were to find the claims ripe, the Court should withhold consideration for prudential reasons. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1141 (9th Cir. 2000).

Alternatively, the Court should dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) for failure to allege sufficient facts to state a claim upon which relief can be granted.

## II. FACTUAL ALLEGATIONS

Plaintiff Gurrola challenges the constitutionality of 22 Cal. Code Regs. § 100214.3(c)(3), which denies EMT certification to any applicant who "[h]as been convicted of two (2) or more felonies." Gurrola has two felony convictions from many years ago. Declaration of Wendy Motooka in Support of Falck's Mot. to Dismiss the First Amended Complaint, Exh. A: First Amended Complaint (hereinafter "FAC") at ¶ 2. Gurrola makes no allegations with respect to Dr. Falck. *See* FAC.

Plaintiff Herrera joins Gurrola's challenge to the constitutionality of 22 Cal. Code Regs. § 100214.3(c)(3) and also challenges 22 Cal. Code Regs. § 100214.3(c)(6), which denies EMT certification to any applicant who "[h]as been convicted and released from incarceration for said offense during the preceding ten (10) years for any offense punishable as a felony." Herrera pled guilty to two adult felonies (assault with a deadly weapon and witness tampering) and was released from incarceration fewer than ten years ago. FAC at ¶¶ 52-53, 65. Herrera claims that but for these regulations, he would pursue his EMT certification from Dr. Falck. FAC at ¶ 140.

Dr. Falck is the Medical Director of SSVEMS Agency, a local EMS agency. FAC at ¶ 12. Medical directors of emergency medical services agencies, such as Dr. Falck, "must and do follow" the regulations set forth in 22 Cal. Code Regs. § 100214.3(c)(3) and (c)(6). FAC at ¶ 97.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO FALCK MTN TO DISMISS FAC
Case No. 2:18-cv-01020 MCE EFB

1

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

Federal courts have limited jurisdiction, possessing only those powers authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A party may assert the defense of "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). A jurisdictional challenge may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Jurisdiction may be challenged facially, if the challenging party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack on jurisdiction, the Court may look beyond the complaint to evidence presented by the parties. *Savage v. Glendale Union High Sch. Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1044 n.3 (9th Cir. 2003).

Standing and ripeness pertain to the federal court's subject-matter jurisdiction, and therefore may be properly raised by a Rule 12(b)(1) motion to dismiss. *Chandler*, 598 F.3d at 1122.

#### B. Rule 12(b)(6)

A claim may be dismissed if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When faced with two possible explanations for events, only one of which can be true and only one of which results in liability, plaintiffs must offer more than allegations that are "merely consistent with" their favored explanation but also consistent with the alternative explanation. *In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108 (9th Cir. 2013). To state a

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO FALCK MTN TO DISMISS FAC
Case No. 2:18-cv-01020 MCE EFB

2

1  "plausible" claim within the meaning of *Iqbal*, plaintiffs must allege facts tending to exclude the
2  possibility that the alternative explanation is true. *Id*. Factual allegations that permit the court to
3  infer no more than the mere possibility of misconduct fail to satisfy Rule 8. *Iqbal*, 556 U.S. at
4  679.

5  While the court must accept as true all factual allegations in the complaint, threadbare
6  recitals of the elements of a cause of action, supported by mere conclusory statements, will not
7  suffice. *Iqbal*, 556 U.S. at 678-79. The court does not accept as true a legal conclusion couched
8  as a factual allegation. *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286
9  (1986)). While Federal Rule of Civil Procedure 8 requires only "a short and plain statement of
10 the claim showing that the plaintiff is entitled to relief," it does not unlock the doors of discovery
11 for a plaintiff armed with nothing more than conclusions. Fed. R. Civ. P. 8; *Iqbal,* 556 U.S. at
12 678-79. "Vague and conclusory allegations of official participation in civil rights violations are
13 not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th
14 Cir. 1982).

### IV.   ARGUMENT

*A.   The Claims Against Dr. Falck Should Be Dismissed Pursuant To Rule 12(b)(1), Because The Allegations On Their Face Are Insufficient To Invoke Subject-Matter Jurisdiction*

**1.   Plaintiffs Lack Standing To Sue Dr. Falck**

19 The irreducible constitutional minimum of standing consists of three elements: the
20 plaintiff must have 1) suffered injury in fact, 2) that is fairly traceable to the challenged conduct
21 of the defendant, and 3) that is likely to be redressed by a favorable judicial decision. *Lujan v.*
22 *Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The party invoking federal jurisdiction bears
23 the burden of establishing these elements. *Id*. at 561. Where a case is at the pleading stage, the
24 plaintiff must clearly allege facts establishing each element. *Spokeo, Inc. v. Robins*, 136 S. Ct.
25 1540, 1547 (2016).

26 Plaintiffs lack standing to sue Dr. Falck. As to the first element, injury in fact requires a
27 showing of "an invasion of a legally protected interest," which is concrete, particularized, actual
28 or imminent, "not conjectural or hypothetical." *Id.* at 1548. Gurrola does not allege injury by Dr.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO FALCK MTN TO DISMISS FAC
Case No. 2:18-cv-01020 MCE EFB

3

Falck. *See* FAC. Herrera alleges that he has never pursued certification from the SSVEMS Agency but that he would do so if the restrictions of 22 Cal. Code Regs. § 100214.3(c)(3) and (c)(6) were lifted. FAC at ¶ 140. Therefore, Herrera's injury is hypothetical at best.

In addition, because plaintiff "cannot show that Defendant has done anything to impair Plaintiff's ability to assert his rights," any alleged injury is not traceable to Dr. Falck. *Chandler*, 598 F.3d at 1122. Even if Herrera were to apply for certification and be denied by the SSVEMS Agency, the FAC concedes that medical directors, such as Dr. Falck, "must and do follow" the challenged regulations, which are "California's ban," not Dr. Falck's ban. FAC at ¶¶ 1, 5, 97. In other words, plaintiff's injury may be traced to the state regulations, not to Dr. Falck.

The allegations in the FAC affirmatively establish that Dr. Falck did not injure Herrera, because Herrera *never applied* for EMT certification from Dr. Falck's agency – and even if he did, that the injury is not traceable to Dr. Falck. The plaintiffs have not and cannot establish the required elements of standing, and their claims must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Spokeo*, 136 S. Ct. at 1547.

**2.     The Claim Against Dr. Falck Is Not Ripe**

Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003). For a suit to be ripe within the meaning of Article III of United States Constitution, the case must present "concrete legal issues, presented in actual cases, not abstractions." *Colwell v. Dep't of Health and Human Services*, 558 F.3d 1112, 1123 (9th Cir. 2009).

Here, plaintiffs' unripe claims involve exactly the kind of "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all," which are precluded by law. *Chandler*, 598 F.3d at 1122-23. Neither plaintiff has applied for certification with the SSVEMS Agency. The Court's inquiry may stop here, because Court involvement at this point would be premature.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO FALCK MTN TO DISMISS FAC
Case No. 2:18-cv-01020 MCE EFB

4

Even were the Court to find ripeness satisfied under Article III, the Court would then have to consider whether plaintiffs satisfy prudential criteria for ripeness. *Chandler*, 598 F.3d at 1123. This is a two-fold inquiry that evaluates (1) the fitness of issues for judicial decision and (2) the hardship to the parties of withholding court consideration. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105-07 (1977).

### i. The Claims Against Dr. Falck Are Not Fit For Decision

Plaintiffs' claims against Dr. Falck are not fit for judicial decision, because neither plaintiff has applied to Dr. Falck's agency for certification as an EMT. Constitutional questions should not be decided in a vacuum. *W.E.B. DuBois Clubs of America v. Clark*, 389 U.S. 309, 312 (1967). The FAC not only fails to allege facts identifying how Dr. Falck has infringed or will infringe upon plaintiffs' constitutional rights, the FAC affirmatively establishes that Dr. Falck could not have infringed upon their rights, because neither plaintiff has applied for certification with the SSVEMS Agency. Thus, plaintiffs have not "felt in a concrete way" the effects of any administrative policies or decisions attributable to Dr. Falck. *See Nat'l Park Hospitality Ass'n*, 538 U.S. at 807.

#### a. Plaintiffs Have Not Exhausted Judicial Remedies Against Falck

Nor would an adverse determination by Dr. Falck – should that ever occur at some point in the future – necessarily create a cause of action under Section 1983. The certification process is subject to administrative review and judicial writ review. 22 C.C.R. § 100211.1; Cal. Gov. Code, § 11500 et seq.; Cal. Gov. Code, § 11523. If, one day in the future, plaintiffs are ever aggrieved by Dr. Falck, they could challenge his decision via administrative review and would have to exhaust their judicial remedies via writ review under California Code of Civil Procedure section 1094.5, before seeking relief through a federal civil rights action. *Doe v. Regents of Univ. of California*, 891 F.3d 1147, 1154-55 (9th Cir. 2018); *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69-70 (Cal. 2000). Plaintiffs' present Section 1983 claim against Dr. Falck is premature and speculative, at best. Plaintiffs have no basis upon which to sue Dr. Falck at this time and may never have any basis to do so in the future.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO FALCK MTN TO DISMISS FAC
Case No. 2:18-cv-01020 MCE EFB

5

### b. AB 2147 Offers Relief From The Consequences Of Felony Convictions

On September 11, 2020, California enacted AB 2147, which allows certain criminal defendants who have successfully participated in the California Conservation Camp program to petition to be relieved from having to disclose their convictions "on an application for licensure by any state or local agency." Request for Judicial Notice in Support of Falck's Mtn to Dismiss FAC No. 1: AB 2147, Sec. 2(b)(5)(A). Both plaintiffs allege that they have successfully participated in the California Conservation Camp program. FAC at ¶¶ 23, 68, 84. They do not allege, however, that that they have sought the relief offered by AB 2147. Their present Section 1983 claim is premature and speculative for this reason as well.

### ii. Plaintiffs Can Show No Hardship

Given that plaintiffs have not sought relief under AB 2147 and have not applied for certification with the SSVEMS Agency, they can complain of no hardship caused by the Court's withholding consideration of their claims against Dr. Falck. Dr. Falck has not injured plaintiffs. Absence of injury seriously undermines any claim of hardship. *Thomas*, 220 F.3d at 1142.

Plaintiffs' challenge to the unspecified policies or hypothetical decisions of Dr. Falck is not ripe for review.

### *B. The FAC Fails To Allege Facts Sufficient To State A Claim Against Defendant Falck*

Alternatively, Dr. Falck should be dismissed from this action because the FAC fails to alleges facts sufficient to state a plausible claim against Dr. Falck. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, no factual content is alleged to show that Dr. Falck engaged in any misconduct. To the contrary, the FAC alleges that Dr. Falck is bound by the regulations set forth in 22 Cal. Code Regs. § 100214.3(c), and thus cannot provide plaintiffs with the relief that they seek. FAC at ¶ 97. Plaintiffs fail to state a plausible claim against Dr. Falck.

### V. CONCLUSION

Whatever the merits of plaintiffs' constitutional challenge to state regulations, they are

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO FALCK MTN TO DISMISS FAC
Case No. 2:18-cv-01020 MCE EFB

6

misguided with respect to Dr. Falck. Plaintiffs lack standing to pursue their unripe claims against a defendant who has not injured them and who cannot provide them with the relief that they seek. They have pled no facts showing that they are entitled to any relief from Dr. Falck. Plaintiffs' claims against Dr. Falck should be dismissed.

DATE: October 28, 2020                    RIVERA HEWITT PAUL LLP


  /s/ Wendy Motooka
WENDY MOTOOKA
Attorneys for Defendant TROY FALCK, in his official capacity as Medical Director of Sierra-Sacramento Valley Emergency Medical Services Agency

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO FALCK MTN TO DISMISS FAC
Case No. 2:18-cv-01020 MCE EFB

7