UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARIO GURROLA, et al.,

    Plaintiffs,

  v.

DAVID DUNCAN, et al.,

    Defendants.

No. 2:20-cv-01238-JAM-DMC

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

    California regulations preclude those with recent, or two or more, felony convictions from becoming certified as an Emergency Medical Technician ("EMT"). Plaintiffs are two individuals who wish to become EMT certified but are precluded because of their felony records. Plaintiffs challenge the constitutionality of these regulations under the Equal Protection, Due Process, and Privileges and Immunities Clauses of the Fourteenth Amendment. All three Defendants have moved to dismiss these claims. Because the Court finds the regulations are rationally related to the government's legitimate interest in ensuring public safety and related to the fitness of being an EMT, these regulations do not violate these clauses. Accordingly, Defendants' Motions to Dismiss all three claims are GRANTED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 8, 2020.

1

I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

California Emergency Medical Services Authority ("EMSA") is the state agency that regulates EMT certification in California. First Am. Compl. ("FAC") ¶ 10, ECF No. 22.  22 Cal. Code Regs. § 100214.3, promulgated by the EMSA, bars persons convicted of two or more felonies from obtaining EMT certification, as well as persons who have been convicted and released from incarceration within ten years for any offense punishable as a felony. See 22 Cal. Code Regs. § 100214.3(c)(3) ("The medical director shall deny or revoke an EMT [certificate] if . . . the applicant . . . [h]as been convicted of two (2) or more felonies"); id. § 100214.3(c)(6) ("The medical director shall deny or revoke an EMT [certificate] if , . . . the applicant . . . [h]as been convicted and released from incarceration for said offense during the preceding ten years for any offense punishable as a felony.")

Plaintiffs are two individuals who wish to obtain EMT certification but are prevented from doing so because of their prior felony convictions.  FAC ¶¶ 42, 64.  Plaintiff, Dario Gurrola, was convicted of possessing a concealed dagger, a felony, at age twenty-two after a police officer stopped him and found the kitchen knife he carried for protection. Id. ¶ 15. About two years later, he was convicted of another felony, assault, after an altercation with a security guard. Id. ¶ 16. As Gurrola grew up he realized he needed to change. Id. ¶ 18. He returned to school and focused on becoming a firefighter. Id. ¶¶ 20, 22.  A career in firefighting made sense, as Gurrola had served in a fire camp and fought a major fire while in custody. Id. ¶ 23.  To realize this dream, he completed a 212-hour EMT

2

basic training course, worked as a certified medical transport driver, completed firefighter training at San Pasqual Reservation Fire Academy, and took courses in firefighting, fire behavior, risk assessment, and airway and defibrillation rescue, earning dozens of certificates. Id. ¶ 26-29. Gurrola also served as a seasonal firefighter for the U.S. Forest Service in 2013 and 2015, as well as in 2019 with the Cal Pines Fire Department in Alturas. Id. ¶ 25, 30. Eventually, he took and passed a test with the National Registry of Emergency Medical Technicians and applied to the Northern California EMS for EMT certification. Id. ¶¶ 31-32. His application was denied, and he appealed. Id. ¶ 33-34. A hearing was held before an administrative law judge ("ALJ") where Gurrola presented evidence of his rehabilitation. Id. ¶ 35. However, the ALJ explained that Nor-Cal EMS was prohibited from granting him EMT certification based on his two felony convictions. Id. ¶ 36. Gurrola continues to serve as a seasonal firefighter, however, without EMT certification he has been unable to realize his dream of becoming a career firefighter, as certification is required for most career positions. Id. ¶¶ 38,42.

Plaintiff, Fernando Herrera, also wishes to become EMT certified so that he can become a career firefighter. Id. ¶ 61. However, he has two recent felonies, one for assault with a deadly weapon and another for witness tampering. Id. ¶¶ 52, 58. These convictions arose from incidents when Herrera was a juvenile. Id. ¶¶ 45-52. Since his release in 2018, Herrera has been committed to turning his life around. He now works as a supervisor at the California Conservation Corps, where he helped

battle the deadliest wildfire in California history, the Camp Fire.  Id. ¶ 59-60.  In 2020, Herrera, took and passed an EMT training class.  Id. ¶ 62.  He would like to become certified as an EMT but knows he is ineligible under both 22 Cal. Code Regs. § 100214.3(c)(3) and (c)(6), because he has two felonies and it has been less than ten years since he was released from incarceration.  Id. ¶ 61-65.

Plaintiffs' stories are not unique.  Many inmates help battle fires through the California Department of Corrections and Rehabilitation's Conservation Camp Program.  A.B. No. 2147 § 1 (Cal. 2020).  For example, in 2017, 650 incarcerated individuals assisted in suppressing the Pocket, Tubbs, and Atlas Fires.  A.B. No. 2147 § 1(c).  In 2018, close to 800 incarcerated individuals assisted with the Camp Fire in Butte County.  Id. § 1(d).  And, in 2019, over 400 incarcerated individuals helped battle the Kincade Fire.  Id. § 1(e).  The fact that inmates are often relied upon to help battle California's fires but then prevented from later working as career firefighters due to the EMT restrictions, has been subject to public critique.  See e.g. Adesuwa Agbonile, Inmates help battle California's wildfires. But when freed, many can't get firefighting jobs, Sacramento Bee, Sept. 7, 2018; Editorial: Inmates risking their lives to fight California's wildfires deserve a chance at full-time jobs, L.A. Times, Nov. 1, 2019.

Plaintiffs filed this action on June 19, 2020 challenging the constitutionality of these regulations under the Fourteenth Amendment's Equal Protection, Due Process, and Privileges and Immunities Clauses.  See generally Compl., ECF No. 1.  Plaintiffs

4

sued David Duncan, in his official capacity as the director of the California Emergency Medical Services Authority; Jeffrey Kepple, in his official capacity as the medical director of Northern California EMS; and later added Troy Falck, in his official capacity as the medical director of Sierra-Sacramento Valley Emergency Medical Services Agency (collectively "Defendants"). Id. ¶¶ 8-9; FAC ¶ 12. Plaintiffs seek (1) a judgment declaring 22 Cal. Code Regs. § 100214.3(c)(3) and (c)(6) are unconstitutional, both on their face and as applied to Plaintiffs; (2) a permanent injunction preventing Defendants from enforcing those regulations and (3) an award of attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988.  FAC at 26.

On September 11, 2020, a few months after Plaintiffs filed their initial complaint, California enacted Assembly Bill 2147. A.B. No. 2147.  Recognizing inmate firefighter's "service to the state of California in protecting lives and property" and that "[a]fter receiving valuable training and placing themselves in danger assisting firefighters to defend the life and property of Californians, incarcerated individual hand crew members face difficulty and obstacles in achieving employment due to their past criminal record", A.B. 2147 aimed to eliminate some of the barriers to EMT certification and permanent firefighting employment.  See A.B. 2147 § 1(i)-(j). Specifically, A.B. 2147 permits a court, in its discretion, to set aside a guilty verdict for those who have successfully participated in the California Conservation Camp program or a county incarcerated individual hand crew (subject to various exceptions), allowing them to be eligible for EMT certification.  See A.B. 2147 § 2(c)(1).

Plaintiffs amended their complaint to account for this change in the law, maintaining that the regulations violate the Fourteenth Amendment. See generally FAC. Plaintiffs claim AB 2147 has not remedied their injury, as Gurrola is allegedly not eligible for relief and Herrera's petition could be denied according to the judges' discretion. Id. ¶¶ 87-88.

All three Defendants filed motions to dismiss on various grounds. Duncan Mot. to Dismiss ("Duncan Mot."), ECF No. 33; Falck Mot. to Dismiss ("Falck Mot."), ECF No. 35; Kepple Mot. to Dismiss ("Kepple Mot."), ECF No. 36. Plaintiffs opposed these motions, Opp'n, ECF No. 38, to which Defendants replied. Duncan Reply, ECF No. 39; Falck Reply, ECF No. 40; Kepple Reply, ECF No. 41. After consideration of the parties' written arguments on the motions and relevant legal authority, the Court GRANTS Defendants' Motions to Dismiss all three claims for the reasons discussed below.

## II.   OPINION

### A.   Judicial Notice

District courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants request the court take judicial notice of several documents and sources of information. Defendant Duncan's Request for Judicial Notice, ECF No. 33; Defendant Falck's Request for Judicial Notice, ECF No. 35. Plaintiffs do not

oppose these requests and all the documents are proper subjects of judicial notice. The Court therefore GRANTS Defendants' requests.  In doing so, the Court judicially notices only "the contents of the documents, not the truth of those contents." Gish v. Newsom, No. EDCV 20-755 JGB (KKx), 2020 WL 1979970, at *2 (C.D. Cal. April 23, 2020).

    B.    Legal Standard

A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  If the plaintiff lacks standing under Article III of the United States Constitution then the court lacks subject-matter jurisdiction, and the case must be dismissed.  See Steel Co. v. Citizens of a Better Env't, 523 U.S. 83, 101-02 (1998).  Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief.  F. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."

Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inference from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

  C. Analysis

    1. Standing

"The Constitution grants Article III courts the power to decide 'Cases' or 'Controversies.'" Carney v. Adams, 141 S.Ct. 493, 497 (2020). This requires plaintiffs show they have suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and likely to be redressed by a favorable judicial decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

 Here, the injury Plaintiffs have suffered is the inability to be considered for EMT certification based on their prior felony convictions. This desire to receive a benefit from the state, which the law proscribes them from receiving, is a sufficient injury under Article III. See Hollingsworth v. Perry, 570 U.S. 693, 705 (2013) (recognizing plaintiffs had standing where they desired to marry but were proscribed by law from doing so).

 Defendants, however, argue that because Plaintiffs would be prevented from becoming EMTs on other grounds, they cannot show their injury was caused by the regulations or that it would be redressed by a favorable decision. Duncan Mot. at 7-9. Specifically, Defendants argue that Plaintiffs would be denied EMT certification under Cal. Health & Safety Code

8

1 § 1798.200(c)(6), which allows for the denial of certification
2 based on the conviction of any crime which is substantially
3 related to the qualifications, functions, and duties of EMTs.
4 See Duncan Mot. at 7; Cal. Health & Safety Code
5 § 1798.200(c)(6).  But Plaintiffs do not have to show they would
6 ultimately receive EMT certification without the challenged
7 regulations.  See Gratz v. Bollinger, 539 U.S. 244, 262 (2003).
8 "The 'injury in fact' in an equal protection case of this nature
9 is the denial of equal treatment resulting from the imposition
10 of the barrier, not the ultimate inability to obtain the
11 benefit."  Ne. Fla. Chapter Assoc. Gen. Contractors of America
12 v. Jacksonville, 508 U.S. 656, 666 (1993). Gurrola and Herrera
13 seek meaningful declaratory relief in this case that they cannot
14 be categorically barred from certification based on their prior
15 felonies.  See Larson v. Valente, 456 U.S. 228, 242-43 (1982).
16 The fact that in the end, the injury of not receiving
17 certification may not be avoided, is not controlling as "a
18 Plaintiff satisfies the redressability requirement when he shows
19 that a favorable decision will relieve a discrete injury to
20 himself.  He need not show that a favorable decision will
21 relieve his every injury." Id. at 243 n.15.
22      Nor was Herrera required to apply for and be denied EMT
23 certification, or seek relief under A.B. 2147, to demonstrate an
24 injury in fact.  See Gratz, 539 U.S. at 261 (noting that whether
25 plaintiff actually applied is not determinative of his ability
26 to seek injunctive relief); Real v. City of Long Beach, 852 F.3d
27 929, 932-34 (9th Cir. 2017) (finding plaintiff did not need to
28 apply for a conditional use permit which would cost time, money

and may not be approved to have standing). It is enough that he was "able and ready" to apply if he were not barred based on his felonies. See Carney, 141 S.Ct. at 500. Herrera has made this showing. Herrera currently is a supervisor at the California Conservation Corps where he has helped battle fires. FAC ¶¶ 59, 60. He recently took and passed an EMT training class. Id. ¶ 62. The Court is convinced that if California did not bar him from obtaining certification, Herrera would apply for EMT certification so that he may be considered for more firefighting positions. For these same reasons his claims are ripe for review. See Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (noting that in many cases, ripeness coincides with standing's injury in fact prong).

Defendant Falck contends he is not a proper defendant, as Plaintiffs' alleged injury is not traceable to him. Falk Mot. at 4. He argues that medical directors such as himself must follow the challenged regulations, so Plaintiffs' injuries are caused by the regulations, not him. Id. However, as an official charged with enforcing the regulations — denying EMT certification to persons with recent or more than one felony — Plaintiffs' injuries are fairly traceable to Falk. See Planned Parenthood of Idaho, Inc. v. Wasden, 376 F.3d 908, 920 (9th Cir. 2004). Plaintiff Herrera has alleged he desires to become EMT certified but is prevented from doing so because of his felonies. FAC ¶¶ 61, 63. Falck, as the medical director of the local EMS agency where Herrera lives, would be required to deny Herrera certification under the regulations. FAC ¶¶ 12, 46. Accordingly, the Court finds Plaintiff Herrera's injury is

10

1  fairly traceable to Falck and would be redressed by a favorable
2  decision from this Court preventing Falk from enforcing the
3  regulations.
4       In sum, Plaintiffs have alleged a valid injury — that they
5  are prevented from receiving EMT certification based on their
6  prior felony convictions because of 22 Cal. Code Regs.
7  § 100214.3(c)(3) and (c)(6).  This injury would be redressed by
8  a favorable decision by the Court — finding the law
9  unconstitutional — as they would then be able to be considered
10 for certification.  The Court, therefore, finds Plaintiffs have
11 standing to bring their claims.

           2.    Res Judicata/ Collateral Estoppel

13      Defendant Kepple also argues that Gurrola's action is
14 precluded by a prior administrative proceeding under the
15 doctrine of res judicata (claim preclusion) and collateral
16 estoppel (issue preclusion).  Kepple Mot. at 6-10.  Under the
17 Full Faith and Credit Act, federal courts must give state
18 judicial proceedings "the same full faith and credit… as they
19 have by law or usage in the court of [the] state… from which
20 they are taken."  28 U.S.C. § 1738; see Parsons Steel, Inc. v.
21 First Alabama Bank, 474 U.S. 518, 519 (1986).  This requires
22 federal courts apply the preclusion rules of a particular state
23 to judgments issued by courts of that state.  Id. at 523.
24 Accordingly, California law applies in determining the
25 preclusive effect of the California judgement.  Robi v. Five
26 Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988).
27      In California res judicata applies and bars a subsequent
28 suit if (1) the decision in the prior proceeding is final and on

the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding, or parties in privity with them, were parties to the prior proceeding. Busick v. Workmen's Comp. Appeals Bd., 7 Cal.3d 967, 974 (1972). To determine whether prior proceedings involve the same claim or cause of action "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action." Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 809 (9th Cir. 2007) (internal quotation marks and citation omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009) (quoting Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174 (1983)).

Here the relevant facts are as follows. In 2019, Gurrola filed an application for EMT certification from Nor-Cal EMS. FAC ¶ 32. His application was denied, and he appealed. Id. ¶¶ 33, 34. A hearing was held before an ALJ, where Gurrola presented evidence of his rehabilitation. Id. ¶ 35. The ALJ upheld the denial both because he had two felony convictions and because his convictions were substantially related to the qualifications, functions, and duties of prehospital personnel. Duncan Mot. Ex. 1. This decision was then adopted by the Northern California EMS, on the authority of the medical

director, Defendant Kepple. Id. Kepple argues this final decision by the agency bars Gurrola's current action, as both claims involve the same primary right – his right to EMT certification. Kepple Mot. at 9.

However, Gurrola in this action is not challenging the denial of his previous application. Opp'n at 8. Instead, he is challenging the constitutionality of California's prohibition on him ever being considered in the future. Id. The Court finds a different primary right is at stake in the current proceeding than the one at issue in the administrative decision. The administrative decision involved Gurrola's right to certification at that particular point in time. Here, in contrast, the primary right at stake is much broader. It involves Gurrola's right not to be discriminatorily precluded from consideration in the future. See Henderson v. Newport-Mesa Unified Sch. Dist., 214 Cal. App. 4th 478, 502 (Ct. App. 2013) (recognizing that wrongful suspension is a different primary right than the right to be free from discrimination).

Similarly, under the doctrine of collateral estoppel, issues argued and decided in a prior proceeding cannot be relitigated in a subsequent proceeding when (1) the issue is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) there was a full and fair opportunity to litigate the issue in the former proceeding; (5) the prior decision was final and on the merits; and (6) the party against whom preclusion is sought is the same as, or in privity with, a party in the former proceeding. Lucido v. Superior Court, 51 Cal.3d

335, 341 (1990).  Here, the ALJ did not consider or decide the constitutionality of the regulations.  Duncan Mot. Ex. 1.  Accordingly, this Court is not precluded from considering the issue.

### 3. Exhaustion of State Law Remedies

Relatedly, Falck argues that Plaintiffs' § 1983 actions are barred because Plaintiffs failed to exhaust their state remedies.  Falck Mot. at 5.  Falck argues that Gurrola could have sought judicial review of the administrative decision under California Code of Civil Procedure § 1094.5 and had to do so before seeking relief through a federal § 1983 action.  Id.  Falck relies on Doe v. Regents of University of California, 891 F.3d 1147 (9th Cir. 2018), to support his position.  Id.  However, this reliance is misplaced.

Doe involved the University of California's decision to suspend a student for sexual misconduct.  Doe, 891 F.3d at 1150.  Doe challenged this decision in federal court, bringing, among others, a § 1983 action for violation of his procedural due process rights.  Id. at 1150-52.  The Ninth Circuit found this claim was precluded because he had failed to exhaust his judicial remedies by filing a § 1094.5 writ petition in state court.  Id. at 1154.  Doe's failure to exhaust made the administrative decision binding, and under California law would have preclusive effect.  Id. at 1155.  Accordingly, the administrative decision was a preclusive bar to any § 1983 claim seeking to overturn the suspension.  Id.

By contrast here, Plaintiffs are not challenging any administrative decision.  See generally FAC.  While there was an

1  administrative decision finding the denial of Gurrola's 2019
2  application was warranted, Gurrola is not challenging this
3  decision.  Id. ¶ 127.  As explained above, this prior decision
4  does not bar the present action under res judicata, because they
5  involve different causes of action.  Although Gurrola may have
6  been able to challenge the constitutionality of the regulations
7  in state proceedings, he was not required to do so before
8  seeking relief in federal court.  See King v. Massarweh, 782
9  F.2d 825, 827 (9th Cir. 1986) ("[W]here plaintiffs allege
10 violation of substantive constitutional rights apart from due
11 process rights, availability of state remedies is immaterial.")

          4.   Equal Protection

13      "The Equal Protection Clause of the Fourteenth Amendment
14 commands that no State shall 'deny to any person within its
15 jurisdiction the equal protection of the laws,' which is
16 essentially a direction that all persons similarly situated
17 should be treated alike."  City of Cleburne, Tex. v. Cleburne
18 Living Ctr., 473 U.S. 432, 439 (1985).  If a law neither burdens
19 a fundamental right nor targets a suspect class, it will be
20 upheld so long as it bears a rational relation to some
21 legitimate end.  Romer v. Evans, 517 U.S. 620, 631 (1996).
22      Here, the challenged regulation distinguishes between those
23 with two or more felonies and those without.  Those with two or
24 more felonies are ineligible for EMT certification.  The
25 regulation also distinguishes between those who have been
26 released from incarceration within the last ten years for an
27 offense punishable as a felony, and those who have not.  It is
28 worth noting that these are not the only situations that bar EMT

certification, just the ones at issue here.  See 22 Cal. Code Regs. § 100214.3.  Because ex-felons are not a suspect class, U.S. v. Jester, 139 F.3d 1168, 1171 (7th Cir. 1998), and EMT certification is not a fundamental right, see New Orleans v. Dukes, 427 U.S. 297, 303-05 (1976), the regulation is constitutional so long as it is rationally related to a legitimate governmental interest.  Romer, 517 U.S. at 631.

    Plaintiffs argue that there is no rational basis for a categorical rule prohibiting all persons with two or more felony convictions from becoming EMT certified.  Opp'n at 12-15.  They point out that felonies encompass a wide variety of crimes, not all of which are relevant to EMT work.  Opp'n at 13.  But Plaintiffs fail to acknowledge that the very act of committing a felony more than once, regardless of the underlying offense, can be relevant.  As the government argues, "[t]hose applicants with a judicial record of two or more felony convictions have a proven unwillingness to conform to the social norm to 'do no harm' to others."  Duncan's Mot. at 14.  Barring such persons from becoming EMT certified advances the government's legitimate interest in ensuring public safety, as EMTs often deal with vulnerable persons in responding to emergencies.  Duncan Mot. at 14; Kepple Mot. at 14.

    One could argue that this categorical ban is overinclusive since not every person convicted of two or more felonies is dangerous.  But "courts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends.  A classification does not fail rational basis review because it 'is not made with

16

mathematical nicety or because in practice it results in some inequality.'" Heller v. Doe by Doe, 509 U.S. 312, 321 (1993) (quoting Dandridge v. Williams, 397 U.S. 471, 485 (1970)). It is not irrational for the government to believe that those with two or more felonies or recent convictions, are more likely to harm others in the future. The wisdom, fairness, or logic of this legislative choice is not for the Court to decide. Heller, 509 U.S. at 319. Because these regulations are rationally related to the government's legitimate interest in ensuring public safety, even if tenuous, it does not violate the Equal Protection Clause. See Romer, 517 U.S at 632.

Accordingly, Defendants' Motions to Dismiss Plaintiffs' Equal Protection Claims are granted. This claim is dismissed with prejudice.

### 5. Due Process

Relatedly, under the Due Process Clause, regulations on the entry into a profession must "have a rational connection with the applicant's fitness or capacity to practice" the profession. Schware v. Bd. of Bar Exam'r of State of N.M., 353 U.S. 232, 239 (1957).

Plaintiffs argue that these EMT restrictions are irrational because California trains and uses prisoners with felony records to fight wildfires and allows people with felony records to serve as seasonal or volunteer firefighters. FAC ¶ 1. However, because full-time firefighting usually requires EMT certification, the state effectively prohibits many of these same people from pursuing firefighting careers. Id. But not all EMTs are firefighters and not all firefighters are EMTs.

17

Plaintiffs have not challenged any law mandating firefighters be EMT certified but have merely alleged it is something most full-time positions require. FAC ¶ 42. Accordingly, the Court limits its analysis to the question before it: whether the regulations have a rational connection to an applicant's fitness or capacity to be an EMT? For the same reasons described above, the Court finds they do.

Plaintiffs point out that EMT certifications can already be denied if the applicant is convicted of any crime which is substantially related to the qualifications, functions and duties of emergency personnel. Opp'n at 15 (quoting Cal. Health & Safety Code § 1798.200(c)(6)). Therefore, Plaintiffs conclude the challenged regulations do nothing but exclude people whose felony records are unrelated to EMT work, in violation of the Due Process Clause. Id. Again, this ignores the fact that the mere fact of committing a felony more than once, or recently, can be relevant, regardless of the underlying crime. As mentioned, it is not illogical for the government to conclude that those individuals with multiple or recent felony convictions are more likely to harm persons than those without. This relates to one's fitness to being an EMT, as EMTs are entrusted with rendering basic life support and emergency medical care to vulnerable persons. 22 Cal. Code. Regs. § 100063(a)(2). The wisdom of this requirement is not for the Court to judge. Dittman v. California, 181 F.3d 1020, 1032 (9th Cir. 1999). "For in the end, 'it is the legislature, not the courts, to balance the advantages and disadvantages of … new requirement[s].'" Id. (quoting Williamson v. Lee Optical, Inc.,

348 U.S. 483, 487-88 (1955)).  For these reasons, Defendants' Motions to Dismiss Plaintiffs' Due Process Claim are granted.  This claim is dismissed with prejudice.[2]

### 6. Privileges and Immunities

Plaintiffs also bring a claim under the Fourteenth Amendment's Privileges or Immunities Clause, contending that the regulations violate the clause by irrationally restricting their right to earn a living.  FAC ¶ 209.  Plaintiffs, however, recognize this claim is precluded by the Slaughter-House Cases, 83 U.S. 36, 39 (1872).  Accordingly, Defendants' Motion to Dismiss this claim is also granted with prejudice as the Court finds further amendment of any of the claims in the FAC would be futile.  See Deveraturda v. Globe Aviation Sec. Serv., 454 F.3d 1043, 1046 (9th Cir. 2006).

### III. ORDER

For the reasons set forth above, Defendants' Motions to Dismiss all three of Plaintiffs' claims are GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: February 9, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Defendants also make the argument that Plaintiffs' procedural due process claims should be dismissed.  Duncan Mot. at 12-13. Because Plaintiffs do not appear to have brought a procedural due process claim, the Court does need not address this argument. See FAC ¶¶ 184-207; Opp'n at 10-15.

19